**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

---

**JIM NADER**, *Individually*,

Plaintiff,

vs.                                                           Case No. _____

**SPRINGS WINDOW FASHIONS, LLC**,
*a Delaware Limited Liability Company,*            **JURY DEMANDED**

Defendant.

---

## ORIGINAL COMPLAINT

---

Plaintiff, Jim Nader ("Plaintiff"), sues the Defendant, Springs Window Fashions, LLC ("Defendant") and alleges as follows:

### INTRODUCTION

1. Plaintiff was employed by Defendant and brings this action for unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA").

2. Plaintiff alleges that she was misclassed as exempt from the FLSA's overtime provisions.

1

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendant to perform work in this District and said Defendant has conducted business within this District at all relevant time periods to this action. In addition, a substantial part of the events, commissions, inactions and omissions giving rise to these claims and this action occurred within this District.

## COVERAGE

5. Defendant is and/or has been the "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d) of the FLSA.

6. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

7. During Plaintiff's employment with Defendant, Defendant employed two or more employees who handled goods, materials and supplies that travelled in interstate commerce.

8. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## PARTIES

9. Defendant is a Delaware Limited Liability Company with its principal address located at 7549 Graber Road, Middleton, Wisconsin 53562-1001. Defendant may be served through CSC-Lawyers Incorporating Service (Company), 2900 West Road Ste 500, East Lansing, Michigan 48823.

10. Plaintiff Nader is an adult citizen of the United States and was employed by Defendant as a Field Sales Representative during the relevant statute of limitations.

## FACTUAL ALLEGATIONS

11. Defendant manufactures and distributes home furnishing products such as window blinds, shades, panels and drapery hardware throughout the United States

12. Plaintiff worked as Field Sales Representative ("FSR") for Defendant during the relevant statutory period.

13. Specifically, Plaintiff worked for Defendant throughout the state of Michigan, including the county in which this Honorable Court sits.

14. During Plaintiff's employment Defendant, Plaintiff, as an FSR, was classified as "exempt" from the overtime provisions of the FLSA.

15. In other words, Defendant classified Plaintiff as salaried, "overtime exempt"

employee and did not pay Plaintiff overtime wages.

16. However, Plaintiff's primary job duties and responsibilities were patently non-exempt.

17. A review of Plaintiff's job duties and responsibilities shows that Plaintiff should have been classified as a non-exempt employee under federal law and, as a consequence, paid overtime compensation for all hours worked over forty (40) per week.

18. Plaintiff's duties were non-exempt employee under the FLSA because Plaintiff:

   a. did not exercise discretion or independent judgment with respect to matters of significance or in performing the primary duties of an FSR;

   b. did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

   c. did not carry out major assignments in conducting the operations of the business;

   d. did not perform work that affects business operations to a substantial degree;

   e. did not have the authority to commit the employer in matters that have significant financial impact;

   f. did not have the authority to waive or deviate from established policies and procedures without prior approval;

4

    g. did not have the authority to negotiate and bind the company on significant matters;

    h. did not provide consultation or expert advice to management;

    i. was not involved in planning long- or short-term business objectives;

    j. did not investigate or resolve matters of significance on behalf of management; and

    k. did not represent the employer in handling complaints, arbitrating disputes, or resolving grievances; and

    l. did not have a primary duty of making sales.

19. Plaintiff was required to complete reports, company related paperwork, and engage in work-related communications for Defendant, typically occurring after each full eight (8) hours of work per week day as well as on weekends, for which time they were not paid at the rate of one and one-half times their regular hourly rate of pay within weekly pay periods during all times material.

20. However, Plaintiff's primary duties involved manual labor and were merchandizing related. For example, a critical aspect of Plaintiff's job was to update and maintain Defendant's retail displays.

21. Likewise, Plaintiff was classified as "sales representative," yet made no internal or external sales on behalf of Defendant, whatsoever.

22. As a result, Plaintiff was misclassified as exempt from the FLSA's overtime

provisions and was erroneously denied overtime compensation for all work hours over forty (40) within weekly pay periods during all times material.

23. Defendant acted willfully and with reckless disregard to established FLSA overtime requirements as it knew, and was aware at all relevant times it was failing to pay the proper overtime compensation to Plaintiff.

24. As a result, Plaintiff is entitled to unpaid overtime and other damages.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

25. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

26. Plaintiff was misclassified by Defendant as an overtime-exempt employee.

27. During Plaintiff's employment with Defendant Plaintiff worked more than forty (40) hours per week within weekly pay periods but was not paid overtime compensation as required by the FLSA.

28. Defendant did not have a good faith basis for misclassifying Plaintiff as exempt and Defendant is unable to bear its burden of demonstrating that Plaintiff falls within any of the FLSA overtime exemptions, including the outside sales and administrative exemptions.

29. Defendant acted willfully and with reckless disregard to established FLSA overtime compensation requirements.

30. As a result, Plaintiffs has suffered damages and incurred reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff demands judgment against Defendant and request this Court grant the following relief:

A. An award of compensation for unpaid overtime to Plaintiff;

B. An award of liquidated damages;

C. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest;

D. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees;

E. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

F. A Declaration that Plaintiff was misclassified as exempt and entitled to unpaid overtime damages to be proven at trial;

G. A Declaration that Defendant willfully violated the FLSA;

H. Such other general and specific relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a **TRIAL BY JURY** on all issues so triable.

Dated:  September 1, 2022                                    Respectfully Submitted,

*/s/ Robert E. Morelli, III*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF***