UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JIM NADER,

            Plaintiff,            Case No. 1:22-cv-12067

v.                                                Honorable Thomas L. Ludington
                                                United States District Judge

SPRINGS WINDOW FASHIONS, LLC,

            Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO REDACT DOLLAR AMOUNT FROM SETTLEMENT AGREEMENT**

In September 2022, Plaintiff Jim Nader sued Defendant Springs Window Fashions, LLC, alleging Defendant did not pay him overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. ECF No. 1.

The Parties reached a settlement in November 2022, ECF No. 8, and filed a Joint Motion for Approval of Settlement Agreement on January 23, 2023, ECF No. 10. The same day, Defendant filed a Motion to Redact the Amount of Settlement from the Publicly Filed Settlement Agreement. ECF No. 11. Because the Parties have not yet filed their Settlement Agreement for this Court to review, only Defendant's Motion to Redact, ECF No. 11, will be addressed in this Order.

The Sixth Circuit has not explicitly required court approval for FLSA settlement agreements. *Piaseczny v. Friedman Mgmt. Co.*, No. 20-13325, 2021 WL 5864018, at *1 (E.D. Mich. Apr. 26, 2021). However, courts in this circuit have consistently held that, "based on the unique purpose of the FLSA and the unequal bargaining power between employees and employers[,] . . . FLSA settlements require approval by either the Department of Labor or a court." *Steele v. Staffmark Invs., LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016); *see also Athan v.*

*U.S. Steel Corp.*, 523 F. Supp. 3d 960, 965 (E.D. Mich. March 3, 2021) ("[D]istrict courts in our Circuit regularly find that the FLSA context counsels in favor of courts approving settlements."); Alex Lau, Note, *The FLSA Permission Slip: Determining Whether FLSA Settlements and Voluntary Dismissals Require Approval*, 86 FORDHAM L. REV. 227, 244 (2017) (noting that "most federal courts" have followed the Eleventh Circuit's holding that FLSA settlements require the approval of the Department of Labor or a district court).

In addition, there is a strong presumption in favor of public access to documents relied on by courts to reach adjudicatory decisions. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). A FLSA settlement agreement is a court document subject to that presumption. *Athan*, 523 F. Supp 3d at 968. Accordingly, courts are "not generally inclined to favor requests . . . to restrict the review of an FLSA settlement agreement to in camera review only and to keep it confidential, rather than posted publicly." *Id.* To overcome this presumption, parties must provide compelling reasons to justify confidentiality, and any court-ordered seal must be narrowly tailored to serve the compelling reasons articulated by the parties. *Shane Grp.*, 825 F.3d at 305 (citing *Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 509–11 (1984)).

"Generally, courts have 'roundly rejected' the argument that confidentiality provisions in [FLSA] settlement agreements are a sufficient interest to overcome the presumption of public access." *Snook v. Valley OB-GYN Clinic, P.C.*, No. 14-CV-12302, 2014 WL 7369904, at *3 (E.D. Mich. Dec. 29, 2014) (citing *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 648 (S.D.N.Y. Feb. 3, 2011) (collecting cases)).

But courts in this district have approved narrow requests to redact specific dollar amounts in FLSA settlement agreements when the parties demonstrate that a confidentiality provision is particularly important to their case and that the unredacted portions of the agreement provide

"significant and helpful contextual facts regarding the quality of the recovery" to provide the public with adequate information about the resolution of the case despite the redaction. *Athan*, 523 F. Supp 3d at 968–70.

Here, Defendant seeks to redact only the specific dollar amount of the settlement from the public docket and to provide the unredacted agreement to this Court for *in camera* review. ECF No 11. Defendant avers that the specific dollar amount should be redacted from the public docket because the confidentiality of the sum "is a material term of the Parties agreement because Defendant does not wish to encourage other employees to engage in copycat and/or frivolous litigation for the purpose of obtaining a quick settlement." *Id.* at PageID.45–46.

But Defendant's concern about avoiding similar suits without regards to their merit cannot overcome the presumption of public access to court filings, especially in the FLSA context. *See Stanley v. Turner Oil & Gas Props.*, No. 2:16-CV-386, 2017 WL 5068444, at *2 (S.D. Ohio July 24, 2017) ("[T]he threat of copycat lawsuits engendered by placing the agreement on the public court docket is too speculative."); *see also David v. Kohler Co.*, No. 1:15-CV-01263, 2019 WL 6719840, at *5 (W.D. Tenn. Dec. 10, 2019) ("[T]the strong public interest in the effective enforcement of the FLSA and the court oversight of FLSA settlements outweighs any interests the parties may have in the confidentiality of their settlement."). Therefore, Defendant's Motion will be denied.

Accordingly, it is **ORDERED** that Defendant's Motion to Redact Dollar the Amount from the Publicly Filed Version of the Settlement Agreement, ECF No. 11, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

Dated: February 6, 2023         s/Thomas L. Ludington
                                THOMAS L. LUDINGTON
                                United States District Judge