UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JIM NADER,

           Plaintiff,           Case No. 1:22-cv-12067

v.           Honorable Thomas L. Ludington
           United States District Judge
SPRINGS WINDOW FASHIONS, LLC,

           Defendant.
_____/

**OPINION AND ORDER CANCELING MOTION HEARING, GRANTING IN PART JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT, APPROVING SETTLEMENT AGREEMENT, AND DIRECTING PARTIES TO SUBMIT STIPULATED DISMISSAL**

In this Fair Labor Standards Act case, Jim Nader alleges Springs Window Fashions did not pay him overtime wages as required. Having reached a settlement, the Parties now jointly seek approval of their settlement agreement.

**I.**

Defendant Springs Window Fashions manufactures and distributes home-window furnishings such as "window blinds, shades, panels, and drapery hardware." ECF No. 1 at PageID.3. Plaintiff Jim Nader worked as a field sales representative for Defendant. *Id.*

In September 2022, Plaintiff sued Defendant, alleging it "misclassified" him as exempt from the FLSA's overtime provisions and, as a result, did not pay him overtime wages to which he was entitled under the FLSA, 29 U.S.C. § 201 *et seq*. ECF No. 1.

The Parties reached a settlement in November 2022, ECF No. 8, and then filed a Joint Motion for Approval of Settlement Agreement on January 23, 2023, ECF No. 10. The Parties filed

the Settlement Agreement on February 7, 2023, ECF No. 13-1, after their request to file a redacted version, ECF No. 11, was denied, ECF No. 12.

Under the Agreement, the Parties will dismiss the lawsuit with prejudice and Defendant will pay Plaintiff $4,500.00 in lost wages and $4,500.00 in liquidated damages. ECF No. 13-1 at PageID.53–54. In addition, Plaintiff will release all legal claims against Defendant, will not "knowingly seek or accept future employment" with Defendant, and will not disparage Defendant. *Id.* at PageID.54–55. The Parties aver the Agreement is a fair and "reasonable compromise of the legal and factual issues in dispute." ECF No. 10 at PageID.39. Because the Parties have not requested a fairness hearing and this Court finds no hearing is necessary, the Motion will be decided on the papers. *Quinn v. City of Eaton*, No. 3:19-CV-00241, 2021 WL 9096656, at *1 n.1 (S.D. Ohio Aug. 17, 2021).

## II.

The Sixth Circuit has not explicitly required court approval for FLSA settlement agreements. *Piaseczny v. Friedman Mgmt. Co.*, No. 4:20-CV-13325, 2021 WL 5864018, at *1 (E.D. Mich. Apr. 26, 2021). However, courts in this circuit have consistently held that, "based on the unique purpose of the FLSA and the unequal bargaining power between employees and employers[,] . . . FLSA settlements require approval by either the Department of Labor or a court." *Steele v. Staffmark Invs.*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016); *see also Athan v. U.S. Steel Corp.*, 523 F. Supp. 3d 960, 965 (E.D. Mich. March 3, 2021) ("[D]istrict courts in our Circuit regularly find that the FLSA context counsels in favor of courts approving settlements."); Alex Lau, Note, *The FLSA Permission Slip: Determining Whether FLSA Settlements and Voluntary Dismissals Require Approval*, 86 FORDHAM L. REV. 227, 244 (2017) (noting that "most federal

courts" have followed the Eleventh Circuit's holding that FLSA settlements require the approval of the Department of Labor or a district court).

Before approving a private FLSA settlement, the court "must scrutinize the proposed settlement for fairness and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Williams v. K&K Assisted Living LLC*, No. 2:15-CV-11565, 2016 WL 319596, at *1 (E.D. Mich. Jan. 27, 2016) (internal quotation marks and citations omitted).

In order to determine whether a proposed settlement is fair and reasonable, the court may consider several factors:

(1) The plaintiff's range of possible recovery;
(2) The extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;
(3) The seriousness of the litigation risks faced by the parties;
(4) Whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and
(5) The possibility of fraud or collusion.

*Walker v. Ryan Transp.*, No. 2:20-CV-11688, 2021 WL 2786547, at *2 (E.D. Mich. June 15, 2021) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)); *see also Risbrook v. Blue Horseshoe Network, LLC*, No. 2:19-CV-11262, 2020 WL 13441574, at *3 (E.D. Mich. Sept. 4, 2020) (noting that this "one-step" settlement approval process is appropriate in both individual *and* collective actions under the FLSA because collective actions require workers to opt-in to the litigation, unlike in a class action under Federal Rule of Civil Procedure 23).

If the settlement agreement provides for the payment of attorneys' fees, then "the court must assess the reasonableness" of the proposed amount. *Belmont v. Homes of Opportunity, Inc.*, No. 4:18-CV-10854, 2018 WL 6571145, at *1 (E.D. Mich. Dec. 13, 2018).

### III.

Plaintiff contends he is entitled to $12,719.60 in unpaid wages and liquidated damages because Defendant incorrectly classified him as exempt from the FLSA's overtime provisions. ECF No. 10 at PageID.39. Defendant, on the other hand, asserts Plaintiff was correctly classified as exempt and "properly paid" under the FLSA. *Id.* Both Parties acknowledge the risks of further litigation, as "a jury could come to different conclusions" regarding whether Plaintiff was exempt from the overtime provisions and whether he may recover liquidated damages. *Id.* at PageID.40.

Under the Agreement, Defendant will pay Plaintiff $9,000.00 total for unpaid wages and liquidated damages. ECF No. 13-1 at PageID.53. This amount provides Plaintiff with 70% of the sum that he alleges he is owed, enabling Plaintiff to recover damages without incurring litigation costs that would far exceed his recovery. *Compare id.* at PageID.53, *with* ECF No. 10 at PageID.39. And the $1,952.95 fee award is reasonable, as it represents 21.7% of Plaintiff's settlement award. *See* ECF No. 13-1 at PageID.53; *see also Fabi v. Carter-Jones Cos.*, No. 2:21-CV-11727, 2022 WL 3010887, at *3 (E.D. Mich. July 29, 2022) (approving attorney's fee award of "about half of the total settlement" when settlement applied to *only* the named plaintiff). The Agreement also appears to be the product of arm's-length negotiations through experienced counsel, and there is no evidence of fraud or collusion. *See* ECF No. 10 at PageID.40.

In sum, because all the relevant factors suggest that the settlement is "a fair and reasonable resolution of a bona fide dispute," the Parties' Motion will be granted. *Williams v. K&K Assisted Living LLC*, No. 2:15-CV-11565, 2016 WL 319596, at *1 (E.D. Mich. Jan. 27, 2016).

The Parties also seek an order "administratively clos[ing]" the case for 45 days then "automatically dismiss[ing]" all Plaintiff's claims 45 days after the terms of the Agreement have been effectuated. ECF No. 10 at PageID.41–42. But, for administrative ease and efficiency, the

Parties will instead be directed to file either a stipulated dismissal or a joint status report on or before April 21, 2023.

### IV.

Accordingly, it is **ORDERED** that the Motion Hearing scheduled for March 16, 2023, is **CANCELED**.

Further, it is **ORDERED** that that the Parties' Joint Motion for Approval of Settlement Agreement, ECF No. 10, is **GRANTED IN PART** to the extent that it seeks approval of the Settlement Agreement.

Further, it is **ORDERED** that the Settlement Agreement, ECF No. 13-1, is **APPROVED**.

Further, it is **ORDERED** that the Parties are **DIRECTED** to file either a stipulated dismissal or joint status report **on or before April 21, 2023**.

**This is not a final order and does not close the above-captioned case.**

Dated: March 7, 2023                         s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge